PAMELA E. COGAN (SBN 105089)
BLAKE J. RUSSUM (SBN 258031)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 500
Redwood City, CA  94063-2052
Telephone:     (650) 364-8200
Facsimile:     (650) 780-1701
Email:         pcogan@rmkb.com;
brussum@rmkb.com

Attorneys for Defendant
AMERICAN ECONOMY INSURANCE
COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORTHOPEDIC MEDICAL PROPERTIES,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN ECONOMY INSURANCE<br>COMPANY, a California general<br>partnership, and DOES 1 through 50,<br>inclusive.<br>Defendant. | CASE NO.  1:12-CV-00530-AWI-JLT<br><br>Magistrate Judge: Hon. Jennifer L. Thurston<br><br>Action Filed: February 27, 2012<br><br>**ORDER GRANTING IN PART STIPULATION TO AMEND THE SCHEDULING ORDER**<br><br>(Doc. 19) |

Before the Court is the stipulation of the parties to extend deadlines set forth in the

scheduling order.  (Doc. 19)  Counsel explain they wish for the extra time in order to complete

mediation and report that the earliest date by which they may complete the mediation is April

2013.  Id. at 2.  They assert also that the extension of dates will not impact the trial date or the

pretrial conference date.  Id.

I.      **Analysis**

Pursuant to Fed.R.Civ.P. 16(b)(3), a case schedule may be modified only for good cause

and only with the judge's consent. Fed.R.Civ.P. 16(b). In Johnson v. Mammoth Recreations, Inc.,

975 F.2d 604, 609 (9th Cir.1992), the Court explained,

> ... Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party
> seeking the amendment. The district court may modify the pretrial schedule "if it
> cannot reasonably be met despite the diligence of the party seeking the extension."

> Fed .R.Civ.P. 16 advisory committee's notes (1983 amendment) ... [T]he focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D.Cal.1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D.W.Va.1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . . " Jackson, 186 F.R.D. at 608, emphasis added.

The parties' willingness to settle this case is admirable. However, settlement discussions generally are not an "unanticipated" development. Not explained in the stipulation is why the parties failed to make diligent efforts to schedule the mediation before now.  When they filed their joint scheduling report seven months ago, the parties reported their intention to attempt mediation.  (Doc. 10 at 5)  However, for reasons that are not set forth, they waited until nearly the end of the discovery period to engage in the intended mediation.  Moreover, they have failed to understand that the dates they proposed for the modified schedule *do* impact the trial dates and the pretrial conference dates in that they have failed to provide sufficient time in their proposed modified schedule to allow dispositive motions to be decided before the pretrial conference.[1]

The Court applauds the parties' efforts and desire to settle this matter. However, given the crushing caseload faced by this Court, it cannot allow delayed settlement efforts to derail the progress of this case. Thus, though the parties are encouraged to continue settlement discussions, the Court has the ability to modify the case schedule only minimally.  However, to this extent, the Court will **GRANT** the stipulation in part.

## ORDER

Based upon the forgoing, the Court **ORDERS** the scheduling order amended as follows:

1.   Non-expert and expert discovery SHALL be completed no later than May 17, 2013;

---

[1] Though counsel may believe that the amount of time needed by Judge Ishii to decide such a motion is excessive, the fact that he, along with Judge O'Neill, carries the highest weighted caseload in the entire federal system, significantly impacts his ability to quickly address motions filed in civil cases.

2.  Joint expert disclosure SHALL occur no later than April 12, 2013;

3.  Joint rebuttal expert disclosure SHALL occur no later than May 3, 2013;

4.  No other modifications to the scheduling order are authorized.

IT IS SO ORDERED.

Dated:   __March 6, 2013__                        ____/s/ Jennifer L. Thurston____
                                                                     UNITED STATES MAGISTRATE JUDGE